UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STANLEY E. SYKES,
    Plaintiff,

v.

HOUSEHOLD FINANCE CORPORATION II, et al.,
    Defendants.

C.A. No. 13-186-M-LDA

## ORDER

Stanley E. Sykes purchased a house in Warwick, Rhode Island in December 2007 with a mortgage he gave to Household Finance Corporation II. As part of the mortgage process, he purchased disability insurance from Pavonia Life Insurance Company of Michigan.[1] The policy provided for payments only during a "critical period," which was clearly and unequivocally defined as twenty-four months. In November 2008, Mr. Sykes submitted a claim for disability to Pavonia because he suffered from "atypical seizures and vertigo."[2] Pavonia accepted the claim and began making monthly payments to Mr. Sykes' mortgagee pursuant to the policy in August 2008. Pavonia continued to make the payments until the critical period expired in August 2010.

In August 2010, Pavonia informed Mr. Sykes by letter that it was discontinuing payments and he could submit a form if he sought additional benefits. Mr. Sykes submitted a "Continuance Claim Form" that same month, but because Pavonia determined that Mr. Sykes did

---

[1] Pavonia was formerly known as Household Life Insurance Company.
[2] Mr. Sykes submitted a second claim form in July 2009 listing the same disability. It is not clear from the record why he submitted a second claim form while the policy was paying his mortgage during the twenty-four month critical period.

not identify any new period of total disability, it denied Mr. Sykes' request for additional benefits on September 1, 2010.

On March 22, 2013, Mr. Sykes filed suit against the holders of his mortgage, Household Finance Corporation II ("HFC") and HSBC Mortgage Corp., seeking a declaratory judgment and injunctive relief based on his allegation that HSBC lacked standing to foreclose.[3] In that complaint, Mr. Sykes made no claims against any party for breach of the disability insurance contract. In February 2014, more than three years after Pavonia's denial of additional benefits, Mr. Sykes amended his complaint to name Pavonia as a defendant and to assert a claim for breach of the disability insurance policy. (ECF No. 8). Defendant Pavonia filed a Motion for Summary Judgment (ECF No. 26), which Mr. Sykes opposed (ECF No. 33),[4] and Pavonia replied (ECF No. 35). After a review of the briefs and record submitted, this Court concludes that there are no genuine issues of material fact and that Pavonia is entitled to judgment as a matter of law.

The parties agree that, in order to prove his claim, Mr. Sykes has to prove that an agreement existed, the defendant breached the agreement, and that breach caused damages. *Barkan v. Dunkin' Donuts, Inc.*, 627 F.3d 34, 39 (1st Cir. 2010). Turning then to the language of the insurance policy to determine whether Pavonia breached it, the Court must interpret its terms "according to the same rules of construction governing contracts." *Town of Cumberland v. R.I. Interlocal Risk Mgmt. Trust, Inc.*, 860 A.2d 1210, 1215 (R.I. 2004). The courts "look at the four corners of a policy, viewing it in its entirety, affording its terms their plain, ordinary and usual meaning." *Id.* (internal quotation marks and citation omitted); *see also Sentry Ins. Co. v.*

---

[3] The Court granted as unopposed Defendants HFC's and HSBC's Motion to Dismiss (ECF No. 20) by text order on February 17, 2015.

[4] In his opposition, Mr. Sykes sets forth the wrong standard of review and, at times, responds to Pavonia's motion as if it were a motion to dismiss.

*Grenga*, 556 A.2d 998, 999 (R.I. 1989). "When ascertaining the usual and ordinary meaning of contractual language, every word of the contract should be given meaning and effect; an interpretation that reduces certain words to the status of surplusage should be rejected." *Andrukiewicz v. Andrukiewicz*, 860 A.2d 235, 239 (R.I. 2004).

The contract language, when afforded its plain and ordinary meaning, required Pavonia to pay Mr. Sykes' mortgage during the "critical period," which was specifically defined as twenty-four months, if Mr. Sykes was disabled. Approximately one year after Mr. Sykes secured the mortgage and insurance, he submitted appropriate documentation of his disability and Pavonia promptly made the twenty-four months of payments. None of these facts is in dispute so Mr. Sykes cannot argue that Pavonia breached its obligations under the contract in that regard. (*See* ECF No. 29 at ¶ 26; ECF No. 34 at ¶¶ 4-5).

However, Mr. Sykes seems to assert in his opposition that Pavonia breached the contract when it failed to pay additional funds beyond the "critical period" without first evaluating his submission. Other than this bald assertion, the Court finds nothing in the record to support such an argument. Mr. Sykes has not submitted any evidence, let alone disputed evidence, to establish that he was entitled to any additional benefits due to a new condition of disability or to show that Pavonia failed to adequately evaluate his August 2010 Continuance Claim in any way. Absent such a showing, his Amended Complaint[5] fails to raise any disputed material facts such that his claims survive Pavonia's motion for summary judgment.[6]

---

[5] A viable breach of contract claim is required in order to pursue a bad faith claim. *Zarella v. Minn. Mut. Life Ins. Co.*, 824 A.2d 1249, 1261 (R.I. 2003). Therefore, as the Court finds that Mr. Sykes' breach of contract claim fails, his bad faith claims fails as well.

[6] Pavonia also moved for summary judgment arguing that Mr. Sykes failed to file his claim for breach of contract within the three-year statute of limitations specified in the contract. Because the Court found that summary judgment was appropriate on the breach of contract claim, it will not reach the statute of limitations issue.

3

Because there is no evidence that Pavonia breached its contract with Mr. Sykes, Pavonia is entitled to judgment as a matter of law. Defendant Pavonia Life Insurance Company of Michigan's Motion for Summary Judgment (ECF No. 26) is GRANTED and judgment shall enter for the Defendant, no costs.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

Date: November 19, 2015